LASSIE M. SHARPE, Plaintiff v. DAVID ERIC WORLAND, GREENSBORO ANESTHE-SIA ASSOCIATES, P.A., WESLEY LONG COMMUNITY HOSPITAL, INC., JOHN DOES I through XXV, and JANE DOES I through XXV, Defendants

No. COA00-1471

(Filed 18 December 2001)

**Medical Malpractice— prefiling certification—ordinary negligence claim against hospital**

Assuming that N.C.G.S. § 1A-1, Rule 9(j) is constitutional, the medical malpractice pre-filing certification requirement did not bar corporate negligence claims against a hospital because plaintiff did not allege that the hospital committed medical malpractice. Rule 9(j) certification is not necessary for ordinary negligence claims, even if defendant is a health care provider.

Appeal by plaintiff from order entered 13 July 1999 by Judge Russell G. Walker in Superior Court, Guilford County. Heard in the Court of Appeals 7 November 2001.

*Faison & Gillespie, by William Faison and John W. Jensen, for plaintiff-appellant.*

*Sharpless & Stavola, by Joseph M. Stavola and Joseph P. Booth, III for defendant-appellant.*

WYNN, Judge.

We recited the facts of this matter in *Sharpe v. Worland*, 137 N.C. App. 82, 527 S.E.2d 75 (2000). In brief, Lassie M. Sharpe brought claims against Wesley Long Community Hospital and others for

**SHARPE v. WORLAND**

[147 N.C. App. 782 (2001)]

alleged injuries arising from the negligent provision of medical care to her.

On 15 November 1993, an anesthesiologist gave Ms. Sharpe an epidural for post-surgery pain management. The anesthesiologist and his practice group had the exclusive contractual right to provide anesthesia services at the Wesley Long Community Hospital. While administering the epidural, the anesthesiologist injured Ms. Sharpe's spinal cord resulting in injury to her including an inability to walk.

On 21 May 1999, Wesley Long Community Hospital filed a Motion to Dismiss, citing plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. On 13 July 1999, the trial court dismissed all of plaintiff's claims including her common law corporate negligence claims, *res ipsa loquitor* claims, and respondeat/vicarious liability claims against Wesley Long Community Hospital.[1]

Recently in *Anderson v. Assimos*, 146 N.C. App. 339, 553 S.E.2d 62 (2001), a different panel of this Court held that the pre-filing certification of Rule 9 (j) of the North Carolina Rules of Civil Procedure was unconstitutional and void. Thus, we must reverse the trial court's dismissal of this matter on the basis of Rule 9(j). Nonetheless, we hold that even if Rule 9(j) was a constitutionally affirmed law, it would not control the outcome of plaintiff's claim of corporate negligence because it was based on ordinary negligence rather than medical malpractice.

In its brief, Wesley Long Community Hospital argued that since plaintiff's corporate negligence claims involved hospital staff, the trial court properly dismissed her action for failure to comply with Rule 9(j). It further contended that an action against a hospital arising out of furnishing or failure to furnish professional services in the performance of medical care is a "medical malpractice action" action. *See* N.C. Gen. Stat. § 90-21.11 (2001).

Rule 9(j) requires that, at the time a plaintiff files a complaint, the plaintiff must certify that the medical care at issue has been reviewed by a witness reasonably expected to qualify as an expert under Rule 702 of the Rules of Evidence, and who is willing to testify that the

---

1. The claims against the anesthesiologist and his practice group were resolved on 21 July 2000, when the plaintiff settled her claims against them. In the Notice of Voluntary Dismissal, the plaintiff noted that "no other party to this action is dismissed by this Notice of Dismissal, by way of example and not limitation, the action against Wesley Long Community Hospital, Inc. is not dismissed by this Notice of Dismissal."

medical care did not comply with the applicable standard of care. *See* N.C. Gen. Stat. § 1A-1, Rule 9 (j) (1999). Compliance with Rule 9(j) must be made at the time the complaint is filed. *See Keith v. North Hosp. District of Surry County*, 129 N.C. App. 402, 499 S.E.2d 200, *disc. review denied*, 348 N.C. 693, 511 S.E.2d 646 (1998).

However, nowhere in Ms. Sharpe's allegations does she claim that the Wesley Long Community Hospital committed medical malpractice, breached applicable standard of care or provided medical care to Ms. Sharpe. Instead, the Complaint alleged that Wesley Long Community Hospital violated direct duties owed to plaintiff. Rule 9(j) certification is not necessary for ordinary negligence claims, even if defendant is a health care provider. *See Lewis v. Setty*, 130 N.C. App. 606, 608, 503 S.E.2d 673, 674 (1998). We find ample authority that Wesley Long Community Hospital's independent duties owed to Ms. Sharpe can be judged by a "reasonable person standard" which does not require expert testimony at trial. *See Muse v. Charter Hosp. of Winston Salem, Inc.*, 117 N.C. App. 468, 452 S.E.2d 589, *review on add'l issues denied*, 340 N.C. 114, 455 S.E.2d 663, *decision affirmed*, 342 N.C. 403, 464 S.E.2d 44 (1995); *Blanton v. Moses H. Cone Hosp., Inc.*, 319 N.C. 372, 354 S.E.2d 455 (1987); *Burns v. Forsyth County Memorial Hosp. Auth., Inc.*, 81 N.C. App. 556, 344 S.E.2d 839 (1986).

Finally, we note that since this Court's decision in *Anderson* remains on appeal to our Supreme Court as a matter of right, we summarily hold that if Rule 9(j) was indeed constitutionally sound, then our decision on the remaining issues in this appeal would be: (1) No expert was needed to support plaintiff's claim based on *res ipsa loquitor*; (2) Plaintiff did not satisfy the requirements of Rule 9(j) with respect to the claims based on nursing care; and, (3) Plaintiff's notice of appeal to this Court was timely filed.

Reversed.

Judges WALKER and THOMAS concur.