PHILLIP SMITH, Plaintiff-Appellant v. ROBERT JOHN SERRO, M.D., CAROLINA REHABILITATION & SURGICAL ASSOCIATES, P.A., Defendant-Appellee

No. COA06-1427

(Filed 21 August 2007)

## 1. Medical Malpractice— Rule 9(j) certification—reasonable expectation expert would qualify

A de novo review revealed that the trial court did not err in a medical malpractice case by holding that plaintiff failed to comply with N.C.G.S. § 1A-1, Rule 9(j), because: (1) plaintiff could not have reasonably expected the pertinent doctor to qualify as an expert under N.C.G.S. § 8C-1, Rule 702 when his specialty was not the same as defendant doctor nor is it a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint; and (2) familiarity is not the same as the active clinical practice of the same specialty or a similar specialty which includes within its specialty the performance of the pertinent procedure.

## 2. Medical Malpractice— common law negligence—specialized knowledge or skill

Plaintiff's complaint did not state a claim for common law negligence against defendant doctor which did not require a Rule 9(j) certification because plaintiff's contention that preventing plaintiff from participating in the bowling outing did not require specialized knowledge or skill is without merit since determining whether a patient who is known to be at risk of falling should participate in such an activity is precisely the kind of professional judgment to which N.C.G.S. § 90-21.11 applies.

Appeal by plaintiff from judgment entered 29 March 2006 by Judge Clifton W. Everett, Jr. in Nash County Superior Court. Heard in the Court of Appeals 9 May 2007.

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Adrienne E. Allison, for plaintiff-appellant.*

*Harris, Creech, Ward and Blackerby, P.A., by Charles E. Simpson, Jr. and Jay C. Salsman, for defendant-appellee Robert John Serro.*

*Crawford & Crawford, LLP, by Renee B. Crawford and Robert O. Crawford III for defendant-appellee Carolina Rehabilitation & Surgical Associates, P.A.*

*North Carolina Association of Defense Attorneys, by Norman F. Klick, Jr. and Robert N. Young; Carruthers & Roth, P.A., Of Counsel, Amicus Curiae.*

ELMORE, Judge.

On 22 April 2002, Phillip Smith (plaintiff) suffered brain damage as a result of bleeding in his brain. On 16 May 2002, he was admitted to the Bryant T. Aldridge Rehabilitation Center (the Center), where he received inpatient services under Dr. Robert John Serro's care. On 27 June 2002, Dr. Serro discharged plaintiff from the Center's inpatient services to a retirement home. Plaintiff took part in the Center's Bridge Program, an outpatient rehabilitation program. During this time, he continued to receive treatment from Dr. Serro as part of his participation in the Bridge Program.

On 11 July 2002, plaintiff took part in a bowling outing organized by the Bridge Program. During the outing, plaintiff fell and fractured his hip.

On 11 July 2005, plaintiff filed suit against Dr. Serro, Carolina Rehabilitation, and Nash Health Care Systems. He alleged negligence, and stated that he reasonably expected Dr. Eduardo Marsigli to qualify as an expert witness in the case.[1]

On 28 November 2005, Carolina Rehabilitation, joined by Dr. Serro, moved to dismiss and for summary judgment, alleging that plaintiff failed to file within the applicable statute of limitations, and, in the alternative, that plaintiff failed to identify a qualifying expert to

_____

1. Dr. Marsigli, an orthopedic surgeon, treated plaintiff's fractured hip. Dr. Marsigli's son, Jeffrey Marsigli, served as plaintiff's trial counsel.

testify as to the standard of care. On 29 March 2006, the trial court entered an order and involuntary dismissal with prejudice, holding that "Dr. Marsigli is and was not reasonably expected to qualify as an expert witness . . . ." Plaintiff now appeals.

**[1]** Plaintiff contends that the trial court erred in holding that he failed to comply with Rule 9(j) of our Rules of Civil Procedure. Rule 9(j) reads, in pertinent part:

*Medical malpractice.*—Any complaint alleging medical malpractice by a health care provider . . . in failing to comply with the applicable standard of care . . . shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care . . . .

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2005).

The pertinent section of Rule 702 of our Rules of Evidence reads:

(b) In a medical malpractice action as defined in G.S. 90-21.11, a person shall not give expert testimony on the appropriate standard of health care as defined in G.S. 90-21.12 unless the person is a licensed health care provider in this State or another state and meets the following criteria:

(1) If the party against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:

a. Specialize in the same specialty as the party against whom or on whose behalf the testimony is offered; or

b. Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

(2) During the year immediately preceding the date of the occurrence that is the basis for the action, the expert witness must have devoted a majority of his or her professional time to either or both of the following:

a. The active clinical practice of the same health profession in which the party against whom or on whose behalf

the testimony is offered, and if that party is a specialist, the active clinical·practice of the same specialty or a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients; or

b. The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered, and if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

N.C. Gen. Stat. § 8C-1, Rule 702(b) (2005).

At the outset, we must determine the proper standard of review. We agree with plaintiff that our review of Rule 9(j) compliance is *de novo*, because such compliance "clearly presents a question of law . . . ." *Phillips v. Triangle Women's Health Clinic, Inc.*, 155 N.C. App. 372, 376, 573 S.E.2d 600, 603 (2002) (citation omitted). Moreover, we note that the question properly before this Court is whether Dr. Marsigli was *"reasonably expected* to qualify as an expert witness under Rule 702 of the Rules of Evidence," not whether he did, in fact, qualify. N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2005) (emphasis added). *See Trapp v. Maccioli*, 129 N.C. App. 237, 241, 497 S.E.2d 708, 711 (1998) ("The disqualification of a Rule 9(j) witness under Rule 702 does not necessarily require the dismissal of the pleadings. The question under Rule 9(j) instead is whether it was 'reasonably expected' that the witness would qualify under Rule 702.").

In this case, however, it is clear that plaintiff could not reasonably have expected Dr. Marsigli to qualify as an expert under Rule 702. It is uncontroverted that Dr. Marsigli's specialty, orthopedic surgery, is not "the same specialty as [Dr. Serro's specialty, physical medicine and rehabilitation]," nor is it "a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint . . . ." N.C. Gen. Stat. § 8C-1, Rule 702(b)(1)b (2005).

Nevertheless, plaintiff suggests that we are bound by our decision in *Trapp*. As we have noted, the inquiry is the same in this case as in *Trapp*: We must determine whether it was "reasonably expected" that Dr. Marsigli would qualify.

Contrary to plaintiff's assertion, however, the fact that the inquiry is the same does not mandate a similar result. This case is distinguishable on its facts. In *Trapp*, our analysis hinged on the procedure at issue. The plaintiff in that case underwent "a central venous access for the specific purpose of plasmapheresis." *Trapp*, 129 N.C. App. at 240, 497 S.E.2d at 710. The plaintiff's expert in *Trapp*, an emergency medicine physician, worked in a specialty similar to that at issue in the case, anesthesiology. Further, the expert had performed central venous accesses, but not for the purpose of plasmapheresis. Although the plaintiff argued that the expert did not satisfy Rule 702(b)(1)(6), we held that on those facts, there was "ample evidence in this record that a reasonable person armed with the knowledge of the plaintiff at the time the pleading was filed would have believed that [the expert] would have qualified as an expert under Rule 702." *Id.* at 241, 497 S.E.2d at 711.

In this case, plaintiff contends that there is a question as to what procedure is the subject of the complaint. Plaintiff suggests that the trial court based its decision on Carolina Rehabilitation's framing of the procedure as "rehabilitation of the plaintiff after a cerebral vascular accident," and "rehabilitation of patients following brain injuries." Instead, plaintiff suggests, the trial court ought to have focused on plaintiff's complaint, which plaintiff alleges identified the following procedures: (1) rehabilitation from brain surgery and ataxia;[2] (2) diagnosis of plaintiff's condition; and (3) treatment and care of plaintiff's condition. Plaintiff insists that "[i]dentification of the procedure is . . . significant because Dr. Marsigli's affidavit shows his experience as an orthopedic surgeon with spinal cord and brain injuries and with symptoms Plaintiff suffered, 'namely ataxia or a loss of coordination, which resulted from his brain injury.' "

However, we find the key phrase in plaintiff's assertion to be his reference to Dr. Marsigli's "experience *as an orthopedic surgeon.*" Even accepting that plaintiff's characterization of the procedure is correct, and that Dr. Marsigli has experience with the types of injuries and symptoms that afflicted plaintiff, his experience is in the specialty of orthopedic surgery. As Dr. Christopher Godbout stated in his affidavit on Carolina Rehabilitation's behalf, Dr. Serro's specialty, physical medicine and rehabilitation, is completely distinct from Dr. Marsigli's specialty in orthopedic surgery.

---

2. Ataxia is a side effect of plaintiff's brain surgery, "which is defined as an inability to coordinate muscular movements."

**SMITH v. SERRO**

[185 N.C. App. 524 (2007)]

Even if Dr. Marsigli is "familiar with the standard of care," as he claims to be, familiarity is not the same as "the active clinical practice of the same specialty or a similar specialty which includes within its specialty the *performance* of the procedure that is the subject of the complaint . . . ." N.C. Gen. Stat. § 8C-1, Rule 702(b)(2)a (2005) (emphasis added). It is clear that Dr. Marsigli does not administer the kind of treatment that Dr. Serro provides; Dr. Marsigli referred plaintiff to Dr. Serro for rehabilitation after Dr. Marsigli treated plaintiff for his injuries.

Plaintiff could have had no reasonable expectation that Dr. Marsigli would qualify as an expert in this case. Accordingly, the trial court did not err.

**[2]** Plaintiff's sole remaining contention is that the trial court erred in dismissing his complaint in its entirety, including what plaintiff characterizes as allegations of common law negligence.[3] Because we can discern no legitimate allegations of common law negligence, we find plaintiff's argument unpersuasive.

Whether an action is treated as a medical malpractice action or as a common law negligence action is determined by our statutes, which define a " 'medical malpractice action' [as] a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11 (2005).

Plaintiff's contention that preventing plaintiff from participating in the bowling outing did not require "specialized knowledge or skill" is clearly without merit. Rehabilitative outings constitute part of the treatment prescribed by specialists such as Dr. Serro. Determining whether a patient who is known to be at risk of falling should participate in such an activity is precisely the kind of professional judgment to which N.C. Gen. Stat. § 90-21.11 applies. Accordingly, this contention is without merit.

Having conducted a thorough review of the record, we find no error. Accordingly, we affirm the trial court's order.

Affirmed.

Judges HUNTER and GEER concur.

---

3. Plaintiff abandoned his other argument, that Dr. Serro did not properly join in Carolina Rehabilitation's motion to dismiss and for summary judgment, in his reply brief.