JANET C. KNOX, Administratrix of the Estate of Toby R. Knox; and JANET C. KNOX, Individually, Plaintiffs v. UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA,· INC., PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED; DR. INDIRA MURR; DR. JODY HAIGOOD; DR. KAREN KINNEY; DR. MARK NEWELL; DR. CURTIS BOWER; DR. CHRISTOPHER LOGUE; JOHN DOE; and MARY DOE, Defendants

No. COA07-258

(Filed 20 November 2007)

**1. Medical Malpractice— failure to comply with Rule 9(j) certification requirements—dismissal of complaint**

The trial court did not err in a medical malpractice case by dismissing plaintiff's complaint based on plaintiff's failure to comply with N.C.G.S. § 1A-1, Rule 9(j) certification requirements, because: (1) plaintiff did not dispute that defendant doctors are both specialists, and the evidence revealed that both doctors

were acting within their capacities as specialists under N.C.G.S. § 8C-1, Rule 702 in treating deceased as a trauma patient; (2) plaintiff's witness could not reasonably be expected to qualify as an expert witness as required by Rule 9(j) and did not qualify as an expert under Rule 702(b) or (c) since the witness was not certified as either an emergency room physician like one defendant or a trauma surgeon like the second defendant, nor did the witness practice in either of these areas; and (3) the record did not show any extraordinary circumstances to support certification under Rule 702(e), nor did plaintiff argue such circumstances existed.

**2. Appeal and Error— preservation of issues—failure to correspond argument to assignment of error**

Although plaintiff contends the trial court erred by failing to find that N.C.G.S. § 1A-1, Rule 9(j) certification did not apply when the constitutional right to a trial by jury is guaranteed and not waived, this argument is dismissed, because plaintiff's argument does not correspond to any of the assignments of error set out in the record on appeal as required by N.C. R. App. P. 10.

Appeal by plaintiff from judgment entered 3 November 2006 by Judge W. Russell Duke, Jr., in Wilson County Superior Court. Heard in the Court of Appeals 15 October 2007.

*D. Lynn Whitted for plaintiff appellant.*

*Helms Mulliss & Wicker, PLLC, by Keith P. Anthony, for Dr. Karen Kinney defendant appellee.*

*Cranfill, Sumner & Hartzog, LLP, by David W. Ward and Jaye E. Bingham, for Dr. Mark Newell defendant appellee.*

McCULLOUGH, Judge.

Appeal by plaintiff from judgment entered 3 November 2006 by Judge W. Russell Duke, Jr., in Wilson County Superior Court. Heard in the Court of Appeals 15 October 2007.

FACTS

The record on appeal tends to show the following facts: Plaintiff's husband, Toby R. Knox, was injured in a motor vehicle accident on 21 December 2003. Mr. Knox was transported to Wilson Medical Center for treatment of his injuries. Due to the extent of Mr. Knox's injuries,

he was then transferred to the trauma center in Pitt County Memorial Hospital ("Hospital") for further treatment.

On 25 December 2003, Mr. Knox's temperature was recorded at 37.9 degrees Celsius (100.22 degrees Fahrenheit). In response, the examining nurse noted the possibility of an infection and classified Mr. Knox as "at risk." On 26 December 2003, a nurse observed Mr. Knox had a temperature of 38.8 Celsius degrees (101.84 degrees Fahrenheit), for which he was given 850 milligrams of Tylenol. On 27 December 2003, Mr. Knox's temperature reached 41.6 degrees Celsius (106.88 degrees Fahrenheit). In an effort to combat Mr. Knox's rising temperature, he was subsequently given a cooling blanket and 800 milligrams of Motrin. On 28 December 2003, Mr. Knox appeared to be in septic shock. On 29 December 2003, Mr. Knox was pronounced dead.

On 17 January 2006, plaintiff filed a complaint for medical malpractice pursuant to North Carolina General Statutes § 90-21.11, against *inter alia* University Health Systems of Eastern Carolina, Inc.; Pitt County Memorial Hospital, Incorporated; Dr. Indira Murr; Dr. Jody Haigood; Dr. Karen Kinney; Dr. Mark Newell; Dr. Curtis Bower; and Dr. Christopher Logue. Plaintiff's complaint alleged the negligence of the foregoing doctors caused Mr. Knox pain and suffering, and ultimately resulted in Mr. Knox's death. In response to the complaint, Dr. Newell moved for, and received, an extension of time to answer the complaint on 10 February 2006. On 23 March 2006, Dr. Newell filed an answer and a motion to dismiss plaintiff's action on the grounds that the complaint failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. On 24 March 2006, Dr. Kinney likewise filed an answer, denying the substantive allegation of the complaint, and a motion to dismiss for failure to comply with Rule 9(j).

On 2 October 2006, the motions to dismiss filed by Dr. Newell and Dr. Kinney were heard before Judge W. Russell Duke, Jr. in Wilson County Superior Court. On 3 November 2006, Judge Duke entered an order granting the motions of Dr. Newell and Dr. Kinney for dismissal of the action due to plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure and the absence of justification for an allowance under Rule 702(e) of the North Carolina Rules of Evidence. Plaintiff now appeals the order of the trial court granting defendants' motion for dismissal.

I.

**[1]** Plaintiff argues the trial court erred in dismissing plaintiff's complaint alleging medical malpractice due to plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Specifically, plaintiff argues the trial court committed prejudicial error by (1) failing to find as a fact and conclude as a matter of law that neither Dr. Mark A. Newell nor Dr. Karen Kinney performed a surgical operation on the deceased while in their care; (2) failing to find that neither Dr. Newell nor Dr. Kinney performed an operation or performed any surgery on the deceased within a medical specialty; (3) failing to find that since neither Dr. Newell nor Dr. Kinney performed any surgery on deceased, that it was not necessary for plaintiff to allege in her complaint that plaintiff comply with Rule 702(b) of the North Carolina Rules of Evidence or Rule 9(j) of the North Carolina Rules of Civil Procedure; (4) failing to find that plaintiff's expert witness could testify on the standard of health care where the ends of justice could be met; (5) concluding as a matter of law that plaintiff could not have reasonably expected that Dr. Marion Reynolds would qualify as an expert witness under Rule 702 of the Rules of Evidence; (6) failing to find that Dr. Kinney did not treat the deceased and did not perform any surgery on the deceased within a specialty; and (7) failing to find that Rule 9(j) did not apply to plaintiff when the medical specialist performed no surgery on the deceased. We disagree.

"Rule 9(j) of the North Carolina Rules of Civil Procedure requires any complaint alleging medical malpractice by a health care provider to specifically assert that the 'medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and [that the expert] is willing to testify that the medical care did not comply with the applicable standard of care[.]'" *Trapp v. Maccioli*, 129 N.C. App. 237, 239-40, 497 S.E.2d 708, 710, *disc. review denied*, 348 N.C. 509, 510 S.E.2d 672 (1998) (citation omitted); *see* N.C. Gen. Stat. § 1A-1, Rule 9(j) (2005). If such an assertion is not made, the trial court must dismiss the complaint. *Trapp*, 129 N.C. App. at 240, 497 S.E.2d at 710.

Rule 702 of our Rules of Evidence provides in pertinent part:

(b) In a medical malpractice action as defined in G.S. 90-21.11, *a person shall not give expert testimony on the appropriate standard of health care as defined in G.S. 90-21.12 unless*

the person is a licensed health care provider in this State or another state and meets the following criteria:

> (1) If the party against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:
>
>> a. Specialize in the same specialty as the party against whom or on whose behalf the testimony is offered; or
>>
>> b. Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

. . . .

> (c) Notwithstanding subsection (b) of this section, if the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the action, must have devoted a majority of his or her professional time to either or both of the following:
>
>> (1) Active clinical practice as a general practitioner; or
>>
>> (2) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the general practice of medicine.

. . . .

> (e) Upon motion by either party, a resident judge of the superior court in the county or judicial district in which the action is pending may allow expert testimony on the appropriate standard of health care by a witness who does not meet the requirements of subsection (b) or (c) of this Rule, but who is otherwise qualified as an expert witness, upon a showing by the movant of extraordinary circumstances and a determination by the court that the motion should be allowed to serve the ends of justice.

N.C. Gen. Stat. § 8C-1, Rule 702 (2005). In the instant case, plaintiff made a motion pursuant to Rule 702(b) of the North Carolina Rules of Evidence and Rule 9(j)(2) of the North Carolina Rules of Civil Procedure stating that she would seek to have an expert witness qualified to testify as to the appropriate standard of medical care. Further,

**KNOX v. UNIVERSITY HEALTH SYS. OF E. CAROLINA, INC.**

[187 N.C. App. 279 (2007)]

plaintiff asserted that the ends of justice would be met by allowing the witness to testify should the witness not meet the requirements of Rule 702 subsection (b) or (c).

Subsequent to plaintiff's 702(b) motion, plaintiff identified Dr. Marion Reynolds, a board certified obstetrician, as plaintiff's Rule 9(j) certifying expert. In dismissing plaintiff's action against Dr. Newell and Dr. Kinney, the trial judge concluded that plaintiff could not have reasonably expected Dr. Reynolds to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence. The trial judge also concluded that sufficient extraordinary circumstances did not exist such that Dr. Reynolds should be allowed to testify to serve the ends of justice.

Plaintiff now argues the trial judge erred in determining Dr. Reynolds did not meet the requirements of Rule 702 subsections (b) or (c). Plaintiff does not dispute that Dr. Kinney and Dr. Newell are specialists. Rather, plaintiff asserts that neither Dr. Kinney nor Dr. Newell was practicing within their specialty at the time they treated Mr. Knox. Upon review, the record does not support this contention. The undisputed evidence in the record indicates Dr. Kinney is a board certified emergency room physician and Dr. Newell is a board certified trauma surgeon. In addition, the record shows both doctors were acting within their capacities as specialists in treating Mr. Knox as a trauma patient. Thus, both Dr. Kinney and Dr. Newell are properly deemed as specialists under Rule 702. *See Formyduval v. Bunn*, 138 N.C. App. 381, 388, 530 S.E.2d 96, 101, *disc. review denied*, 353 N.C. 262, 546 S.E.2d 93 (2000); N.C. Gen. Stat. § 8C-1, Rule 702. Plaintiff's witness, Dr. Reynolds, is not certified as either an emergency room physician or a trauma surgeon, nor does Dr. Reynolds practice in either of these areas. Therefore, Dr. Reynolds could not reasonably be expected to qualify as an expert witness as required by Rule 9(j), and does not qualify as an expert witness under Rule 702 subsections (b) or (c). *See* N.C. Gen. Stat. § 1A-1, Rule 9(j); N.C. Gen. Stat. § 8C-1, Rule 702(b) and (c).

Plaintiff next argues that if Dr. Reynolds is not a competent expert witness under Rule 702 subsections (b) or (c), she should be certified under Rule 702(e) because the ends of justice would be met by allowing her testimony. We are unpersuaded by plaintiff's argument. The record on appeal does not show any extraordinary circumstances to support the certification of Dr. Reynolds under Rule 702(e), nor does plaintiff argue such circumstances exist. *See* N.C. Gen. Stat. § 8C-1, Rule 702(e). Therefore, we hold the trial

judge did not err in concluding that plaintiff did not comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rule 9(j).

## II.

[2] Plaintiff next contends that the trial court erred by failing to find that Rule 9(j) of the North Carolina Rules of Civil Procedure does not apply when the constitutional right to a trial by jury is guaranteed and not waived. However, the assignment of error plaintiff seeks to support does not make such a contention. *See Wade v. Wade*, 72 N.C. App. 372, 375, 325 S.E.2d 260, 266, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985) ("The assignment of error must clearly disclose the question presented."). Upon review, plaintiff's argument does not correspond to any of the assignments of error set out in the record on appeal. *See* N.C. R. App. P. 10 (2007). This Court has previously held that the "scope of appellate review is limited to the issues presented by assignments of error set out in the record on appeal; where the issue presented in the appellant's brief does not correspond to a proper assignment of error, the matter is not properly considered by the appellate court." *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994) (citation omitted). Accordingly, we decline to address the merits of this argument. *Id.*

Therefore, we hold the trial judge did not err in granting defendants' motion to dismiss for plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.

Affirmed.

Chief Judge MARTIN and Judge ELMORE concur.