BERNICE G. ALLEN, Administrator of THE ESTATE OF WILLIAM LEE ALLEN, Plaintiff v. COUNTY OF GRANVILLE, GRANVILLE HEALTH SYSTEMS, GRANVILLE MEDICAL CENTER, JOHN DOE and JANE DOE, Defendants

No. COA09-957

(Filed 6 April 2010)

**Negligence— motion to dismiss—failure to supervise patient— Rule 9(j) certification not required**

The trial court erred by granting defendant's motion to dismiss plaintiff's complaint based on its failure to include Rule 9(j) certification. Plaintiff's complaint alleging that defendant's failure to supervise a patient recently treated with seizures until a responsible adult was able to care for him was a claim of ordinary negligence rather than a claim for medical malpractice in furnishing or failure to furnish professional services in the performance of medical or other health care by a health care provider.

Appeal by plaintiff from order entered 9 March 2009 by Judge Henry W. Hight, Jr. in Granville County Superior Court. Heard in the Court of Appeals 25 January 2010.

*Bachman & Swanson, PLLC, by Glen D. Bachman, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by C. Houston Foppiano and Meredith Taylor Berard, for defendants-appellees.*

MARTIN, Chief Judge.

Plaintiff appeals from an order granting defendants' motion to dismiss pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. Plaintiff's complaint alleges that on or about 4 August 2006, plaintiff's son, the decedent, was transported from his home to Granville Medical Center ("Medical Center") for medical treatment for a series of seizures. At around three o'clock in the morning, plaintiff was contacted by an employee of the Medical Center and advised that decedent was being discharged and that someone needed to pick him up from the emergency room. Plaintiff requested that the Medical Center not release her son until she was able to come pick him up as he "was disabled, had a history of seizures and could not come home on his own." Plaintiff also told the Medical Center employee that she would be unable to obtain transportation for several hours as it was

very early in the morning. When plaintiff arrived at the Medical Center, she was informed that the decedent had been released and left the emergency room. The decedent never returned home. In March 2007, decedent's remains were found in a ravine about a half of a mile from the Medical Center. Plaintiff filed a complaint sounding in negligence against the Medical Center, certain of its employees, Granville Health Systems, and Granville County. All defendants filed an answer and motion to dismiss based on plaintiff's lack of a certification under N.C.G.S. § 1A-1, Rule 9(j). The motion was granted and plaintiff gave notice of appeal.

Plaintiff's sole assignment of error is that the trial court erred in dismissing her complaint for its failure to assert that the alleged negligent medical care had been reviewed by an appropriate medical expert as required by N.C.G.S. § 1A-1, Rule 9(j). She contends her complaint alleges ordinary negligence rather than a claim for medical malpractice in "furnishing or failure to furnish professional services in the performance of medical . . . or other health care by a health care provider," N.C. Gen. Stat. § 90-21.11 (2009), and therefore, no Rule 9(j) certification was required. We agree.

"[A] plaintiff's compliance with Rule 9(j) requirements clearly presents a question of law to be decided by a court, not a jury. A question of law is reviewable by this Court *de novo*." *Phillips v. Triangle Women's Health Clinic, Inc.*, 155 N.C. App. 372, 376, 573 S.E.2d 600, 603 (2002) (citations omitted), *aff'd per curiam and disc. review improvidently allowed*, 357 N.C. 576, 597 S.E.2d 669 (2003). "Whether an action is treated as a medical malpractice action or as a common law negligence action is determined by our statutes . . . ." *Smith v. Serro*, 185 N.C. App. 524, 529, 648 S.E.2d 566, 569 (2007). As defined by N.C.G.S. § 90-21.11, a medical malpractice action is "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical . . . or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11. "Professional services has been defined by this Court to mean an act or service arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor [or] skill involved is predominantly mental or intellectual, rather than physical or manual." *Lewis v. Setty*, 130 N.C. App. 606, 608, 503 S.E.2d 673, 674 (1998) (alterations in original and internal quotation marks omitted), *appeal after remand*, 140 N.C. App. 536, 537 S.E.2d 505 (2000).

"Our appellate courts have not clearly set forth the standard by which to review a trial court's motion to dismiss pursuant to Rule 9(j). Nevertheless, when ruling on such a motion, a court must consider the facts relevant to Rule 9(j) and apply the law to them." *Phillips*, 155 N.C. App. at 376, 573 S.E.2d at 602-03. "In determining whether or not Rule 9(j) certification is required, the North Carolina Supreme Court has held that pleadings have a binding effect as to the underlying theory of plaintiff's negligence claim." *Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 628, 652 S.E.2d 302, 305 (2007) (internal quotation marks omitted), *disc. review denied*, 362 N.C. 180, 658 S.E.2d 662 (2008). Applying the facts as set forth above, we conclude that plaintiff's factual allegations in her complaint do not allege a claim for medical malpractice so as to require a Rule 9(j) certification. Plaintiff makes no claim that the Medical Center failed to furnish professional services or provide treatment to the decedent, nor has she alleged that the decision by health care workers concerning decedent's medical fitness after treatment was unsound. She has not claimed that the Medical Center "committed medical malpractice, breached [the] applicable standard of care or provided medical care" to the decedent. *Sharpe v. Worland*, 147 N.C. App. 782, 784, 557 S.E.2d 110, 112 (2001) (holding that, where the plaintiff failed to allege that the defendant hospital "committed medical malpractice, breached [the] applicable standard of care or provided medical care" and instead claimed only a breach of direct duties owed to the plaintiff by the hospital, ordinary negligence standards applied), *disc review denied and supersedeas dismissed as moot*, 356 N.C. 615, 575 S.E.2d 27 (2002). In addition, read in context, plaintiff does not appear to challenge the Medical Center's professional judgement in discharging the decedent. Rather, plaintiff alleges that the Medical Center failed to supervise a person in its care, despite being on notice that he could not care for himself, and permitted him to leave the premises without being accompanied by a responsible adult. This Court has determined that when a negligence claim "arises out of policy, management or administrative decisions," it is "derived from ordinary negligence principles." *Estate of Waters v. Jarman*, 144 N.C. App. 98, 103, 547 S.E.2d 142, 145, *disc. review denied*, 553 S.E.2d 213 (2001). In addition, this Court has found that failing to supervise a mentally and physically infirm patient while she smoked was ordinary negligence. *Taylor v. Vencor, Inc.*, 136 N.C. App. 528, 529, 530, 525 S.E.2d 201, 202, 203, *disc. review denied*, 351 N.C. 646, 543 S.E.2d 884, *disc review denied*, 543 S.E.2d 889 (2000). Likewise, failing to supervise a patient recently treated with seizures until

a responsible adult was able to care for him would also be a claim of ordinary negligence. Thus, the trial court erred in granting defendants' motion to dismiss.

Reversed.

Judges HUNTER and ERVIN concur.