An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA14-136

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

WANDA WRIGHT AND JAMES WRIGHT,
        Plaintiffs,

v.                                          New Hanover County
                                            No. 11 CVS 4080
ATLANTIC ORTHOPEDICS, P.A., AND
NEW HANOVER REGIONAL MEDICAL
CENTER,
        Defendants.


        Appeal by plaintiffs from order entered 22 August 2013 by

Judge W. Allen Cobb, Jr., in New Hanover County Superior Court.

Heard in the Court of Appeals 4 June 2014.


        *The Mitchell Law Group, by Ronnie M. Mitchell, and The Law
        Offices of William S. Britt, by William S. Britt, for
        plaintiff-appellants.*

        *Walker, Allen, Grice, Ammons & Foy, L.L.P., by Jerry A.
        Allen, Jr., and Louis (Trey) F. Foy, III, for defendant-
        appellees.*


        BRYANT, Judge.

Where discovery reveals that a claim for medical negligence is not supported by the facts, a dismissal of the claim pursuant to Rule 9(j) is appropriate.

On 16 April 2009, plaintiff Wanda Wright underwent a total knee arthroplasty in her left knee. The arthroplasty was performed by Dr. Walter W. Frueh, an orthopedic surgeon at Atlantic Orthopedics, and the operation was conducted at New Hanover Regional Medical Center. Although the surgery was successful, a six-inch skin laceration was noted above Wright's left ankle when her surgical drapes were removed. Wright was subsequently referred to a plastic surgeon for the skin laceration. On 21 April, Wright was discharged from the hospital with instructions to continue rehabilitation and skin care services following her knee surgery and laceration. On 28 April, the plastic surgeon removed the sutures from Wright's skin laceration.

On 30 September 2011, Wright and her husband, plaintiff James Wright, filed a complaint against defendants Dr. Frueh, Atlantic Orthopedics, and New Hanover Regional Medical Center. The complaint alleged the following claims brought by Mrs. Wright: negligence against Dr. Frueh for causing the skin laceration; claims against Atlantic Orthopedics based on

*respondeat superior* for the negligence of its physician, Dr. Frueh; and claims against New Hanover Regional Medical Center based on *respondeat superior* for the negligence of its employees and staff in causing the skin laceration. A claim for loss of consortium was brought by Mr. Wright.

On 26 July 2011, Atlantic Orthopedics filed a motion for summary judgment pursuant to Rule 56, and a motion to dismiss pursuant to, *inter alia*, Rule 9(j). Thereafter, plaintiffs took a voluntary dismissal without prejudice as to defendants Dr. Frueh and New Hanover Regional Medical Center. Plaintiffs also made a motion to amend the pleadings to conform to the evidence.

On 22 August, the trial court granted Atlantic Orthopedics' motion to dismiss plaintiffs' complaint for failure to comply with the requirements of Rule 9(j); no formal ruling was made as to plaintiffs' motion to amend the pleadings. Plaintiffs appeal.

_____

In their sole issue on appeal, plaintiffs contend the trial court erred in dismissing their complaint pursuant to Rule 9(j). We disagree.

> Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading

> requirements. Additionally, this Court has determined that even when a complaint facially complies with Rule 9(j) by including a statement pursuant to Rule 9(j), if discovery subsequently establishes that the statement is not supported by the facts, then dismissal is likewise appropriate. In considering whether a plaintiff's Rule 9(j) statement is supported by the facts, a court must consider the facts relevant to Rule 9(j) and apply the law to them. In such a case, this Court does not inquire as to whether there was any question of material fact, nor do we view the evidence in the light most favorable to the plaintiff. Rather, our review of Rule 9(j) compliance is *de novo*, because such compliance clearly presents a question of law . . . .

*Barringer v. Wake Forest Univ. Baptist Med. Ctr.*, 197 N.C. App. 238, 255–56, 677 S.E.2d 465, 477 (2009) (citations and quotations omitted). Rule 9(j) "does not provide a procedural mechanism by which a defendant may file a motion to dismiss a plaintiff's complaint." *Id.* at 255, 677 S.E.2d at 477. However, "[t]he Rules of Civil Procedure provide other methods by which a defendant may file a motion alleging a violation of Rule 9(j)." *Id.*; *see also Thigpen v. Ngo,* 355 N.C. 198, 200, 558 S.E.2d 162, 164 (2002) (the trial court granted defendants' "motions to dismiss pursuant to Rules 9(j) and 12(b)(6)"); *Trapp v. Maccioli,* 129 N.C. App. 237, 239, 497 S.E.2d 708, 709 (the defendant filed a motion to dismiss "pursuant to Rule 9(j)").

Plaintiffs contend the trial court erred in granting Atlantic Orthopedics' motion to dismiss because plaintiffs' complaint met the pleading requirements of Rule 9(j). Plaintiffs gave the following statement of Rule 9(j) certification:

> Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure and prior to the filing of this Complaint, the care and treatment of Plaintiff Wanda Wright by the Defendants has been reviewed by a person who is expected to qualify under Rule 702 of the North Carolina Rules of Civil Procedure, and who is willing to testify that the Defendants' care and treatment of the Plaintiff Wanda Wright breached the appropriate standards of care, that they failed to use their best medical judgment and/or failed to use reasonable care and diligence applying their knowledge, training and skill to Plaintiff's care, proximately resulting in injury and damage to the Plaintiff, Wanda Wright.

Rule 9(j) of our Rules of Civil Procedure states:

> Medical malpractice. — Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2)a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> > (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an

expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j)(1—3) (2013).

We agree with plaintiffs that the statement in their complaint facially meets the requirements of Rule 9(j), as plaintiffs have pleaded the elements required by Rule 9(j)(a). However, a complaint may facially meet the requirements of Rule 9(j), yet may later fail Rule 9(j) based on discovery.

In its order granting Atlantic Orthopedics' motion to dismiss pursuant to Rule 9(j), the trial court noted that plaintiffs failed to comply with the requirements of Rule 9(j), and "that the motion should be allowed based on the deposition

testimony of the plaintiffs' expert witness, Dr. Staley Jackson[.]"

Dr. Jackson, plaintiffs' expert witness, testified during his deposition that, in his opinion, Dr. Frueh had not "violated any standards of care or was involved in any negligent acts. I did not feel that he had any involvement in [plaintiff's] injury." Upon further questioning, Dr. Jackson stated that, based on his review of defendants' deposition testimony and plaintiff's medical records, the only person who was likely negligent in causing plaintiff's skin laceration was the physician's assistant who removed plaintiff's surgical drapes.

We agree with the trial court that plaintiffs have failed to meet the requirements of Rule 9(j), as the deposition testimony of plaintiffs' expert witness, Dr. Jackson, clearly indicates that he did not feel the evidence demonstrated negligence on the part of Dr. Frueh or Atlantic Orthopedics. Instead, Dr. Jackson's deposition supported a finding of possible negligence only against Dr. Frueh's physician's assistant. Thus, as the deposition testimony of plaintiffs' expert witness demonstrates that plaintiffs' complaint was not supported by the facts, a dismissal pursuant to Rule 9(j) was appropriate. *See Robinson v. Duke Univ. Health Sys.*, ___ N.C.

App. ___, ___, 747 S.E.2d 321, 328 (2013) ("[E]ven when a complaint facially complies with Rule 9(j) by including a statement pursuant to Rule 9(j), if discovery subsequently establishes that the statement is not supported by the facts, then dismissal is likewise appropriate." (citing *Barringer*, 197 N.C. App. at 255, 677 S.E.2d at 477)).

Plaintiffs also argue that because an affidavit by Dr. Jackson was offered alongside the motion to amend the pleadings, the trial court erred in dismissing the complaint under Rule 9(j).

"[O]ur standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion." *Delta Envtl. Consultants of N.C., Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165, 510 S.E.2d 690, 694 (1999) (citation omitted). "A trial court abuses its discretion when its decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Ehrenhaus v. Baker*, 216 N.C. App. 59, 71, 717 S.E.2d 9, 18 (2011) (citations and quotation omitted), *appeal dismissed and disc. review denied*, 366 N.C. 420, 735 S.E.2d 332 (2012). Proper reasons for denying a motion to amend include undue delay, unfair prejudice, bad faith, futility of amendment, and

repeated failure of the moving party to cure defects by other amendments. *Delta*, 132 N.C. App. at 166, 510 S.E.2d at 694.

Here, the record does not include a clear ruling on plaintiffs' motion to amend. Instead, the motion in the record does not bear a file stamp, although the affidavit accompanying the motion does bear a filing stamp of 19 August 2013. Nevertheless, based on the trial court's dismissal of the case, it seems clear that plaintiff's motion to amend was not allowed. Plaintiffs' argument on appeal asserts the viability of a claim based on an affidavit offered with a motion to amend. However, since plaintiffs do not argue on appeal the denial of the motion to amend, plaintiffs' argument is deemed abandoned. *See* N.C. R. App. P 28(a) (2013) ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned."). Therefore, we do not consider plaintiff's arguments regarding the contents of Dr. Jackson's affidavit, and make no determination as to whether the contents of the affidavit would suggest a medical negligence claim against Dr. Frueh's physician's assistant based on any legal theory.

Plaintiffs further contend the trial court erred in granting Atlantic Orthopedics' motion to dismiss because

plaintiffs' complaint is rooted in common-law negligence and *res ipsa loquitor* and, therefore, the requirements of Rule 9(j) are not applicable. In pleading a claim for medical negligence, a claim may satisfy the requirements of Rule 9 if the claim "alleges facts establishing negligence under the existing common-law doctrine of [negligence or] res ipsa loquitur." N.C.G.S. § 1A-1, Rule 9(j)(3).

Here, plaintiffs took a voluntary dismissal as to defendants Dr. Frueh and New Hanover Regional Medical Center. In the complaint against Atlantic Orthopedics, plaintiffs alleged only that: "All the acts and/or omissions of each of the individual Defendant physicians were done within the course and scope of their agency and employment for these corporate Defendants and these corporate Defendants are negligent under the doctrine of *respondeat superior*." This allegation by plaintiffs is narrowly tailored, as it strictly limits plaintiffs' claim of negligence against Atlantic Orthopedics to that of *respondeat superior* for the acts of "the individual Defendant physicians."

The evidence before the trial court indicated that only one defendant physician, Dr. Frueh, performed any medical procedures on plaintiff. Indeed, plaintiffs' complaint acknowledges that

Dr. Frueh was the sole defendant physician, as Dr. Frueh is the only physician listed in the complaint. Thus, plaintiffs' claim against Atlantic Orthopedics cannot be deemed to include a claim for common-law negligence, as it is narrowly couched to address only a claim of *respondeat superior* for the acts of Atlantic Orthopedics' physician, Dr. Frueh.

Plaintiffs' argument that the complaint raises a claim for *res ipsa loquitor* is likewise without merit. A claim of *res ipsa loquitor* in a medical malpractice claim is appropriate only where the plaintiff's claim allows an ordinary person to determine from the facts presented that the plaintiff's injury was one that "does not happen in the ordinary course of things, where proper care is exercised." *Robinson*, ___ N.C. App. at ___, 747 S.E.2d at 330 (citations omitted).

Here, plaintiffs' complaint fails to raise even a hint of *res ipsa loquitor* against Atlantic Orthopedics for, as discussed previously, plaintiffs' complaint is strictly limited to alleging only a claim of *respondeat superior* against Atlantic Orthopedics' physician. We further note that because plaintiffs took a voluntary dismissal as to Dr. Frueh, this has effectively dismissed plaintiffs' claim against Atlantic Orthopedics in its entirety, as the claim based on *respondeat superior* is

specifically tied to the negligent acts of Atlantic Orthopedics' physician, Dr. Frueh.

Accordingly, the ruling of the trial court granting Atlantic Orthopedics' motion to dismiss is affirmed.

Affirmed.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).