DOROTHY T. HOWARD, BY AND THROUGH THE ADMINISTRATRIX OF HER ESTATE, PLAINTIFF V. ROBERT D. VAUGHN, JR., M.D.; JAMES A. WATKINS, M.D.; LOUIS H. ZBINDEN, III, M.D.; DILWORTH SURGICAL GROUP, P.A. o/k/a DILWORTH SURGICAL SPECIALISTS, P.A.; MERCY HOSPITAL, INC.; CAROLINAS HEALTH CARE SYSTEM D/B/A MERCY HOSPITAL, INC., DEFENDANTS

No. COA02-28

(Filed 31 December 2002)

**Medical Malpractice— wrongful death—extension of time under statute of limitations—resident superior court judge**

The trial court erred by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's wrongful death action arising out of alleged medical malpractice based on its erroneous conclusion that an earlier extension of time by another trial judge who was not a resident of the pertinent county was in violation of N.C.G.S. § 1A-1, Rule 9(j) as it existed at the time of this action and did not meet the pertinent statute of limitations under N.C.G.S. § 1-53(4), because: (1) under N.C.G.S. § 7A-47, a regular superior court judge assigned to hold court in the pertinent county has the same powers as a superior court judge who was a resident of that county; and (2) the applicable statute of limitations would not have been violated through 21 August 2000, under Rule 9(j) a proper order extended the statute of limitations through 11 December 2000, and plaintiff filed her complaint on 8 December 2000.

Appeal by plaintiff from order entered 8 August 2001 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Pamela A. Hunter for plaintiff-appellant.*

*Cozen O'Conner, by Anna Daly and Paul Reichs for defendants-appellees Robert Vaughn, Jr., M.D.; James A. Watkins, M.D.; Dilworth Surgical Group, P.A., o/k/a Dilworth Surgical Specialists, P.A.; and Womble Carlyle Sandridge & Rice, PLLC, by Tricia Morvan Derr for defendants-appellees Mercy Hospital, Inc. and Carolinas Health Care System d/b/a Mercy Hospital, Inc.*

THOMAS, Judge.

Plaintiff, Administratrix of Dorothy T. Howard's estate, appeals from an order dismissing this wrongful death action as violative of

the statute of limitations. Upon defendants' Rule 12(b)(6) motion, the trial court found an earlier extension of the statute of limitations by a different superior court judge to be ineffective.

Plaintiff appeals, contending the extension was proper and the complaint timely filed. For the reasons herein, we agree with plaintiff.

We initially note that when plaintiff filed her extension motion, the applicable statute, Rule 9(j), had not yet undergone extensive modifications. We therefore consider the parties' arguments under N.C. Gen. Stat. § 1A-1, Rule 9(j) (1999).

Dorothy T. Howard died on 20 August 1998. On Monday, 21 August 2000, plaintiff filed a "Motion and Order Extending Statute of Limitations in Medical Malpractice Action" pursuant to N.C. R. Civ. P. 9(j). The motion was presented to Judge Beverly T. Beal, a regular superior court judge living in Caldwell County, Judicial District 25A, who was holding court in Mecklenburg County, Judicial District 26. Judge Beal granted the motion, extending the statute of limitations through 11 December 2000.

Plaintiff filed her complaint on 8 December 2000, alleging that the death of decedent was proximately caused by the negligence of defendants Robert D. Vaughn Jr., M.D.; James A. Watkins, M.D.; Louis H. Zbinden, III, M.D.; Dilworth Surgical Group, P.A. o/k/a Dilworth Surgical Specialists, P.A., Mercy Hospital, Inc.; and Carolinas Health Care System d/b/a Mercy Hospital, Inc. Plaintiff subsequently took a voluntary dismissal with prejudice of her claim against Dr. Zbinden.

Defendants filed motions to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, alleging that plaintiff's action was barred by the applicable two-year statute of limitations and her failure to abide by Rule 9(j). *See* N.C. Gen. Stat. § 1-53(4) (2001). Judge Robert P. Johnston, a regular superior court judge living in Mecklenburg County, granted the motion. Judge Johnston's order included the following findings:

> 3. On [the day Judge Beal signed plaintiff's Motion to Extend the Statute of Limitations pursuant to Rule 9(j),] he was sitting in Courtroom 307. The undersigned takes judicial notice that it is the custom and common practice in Mecklenburg County for non-scheduled motions to be heard in courtroom 307. . . .

6. The Honorable Beverly T. Beal is not and at the time in question was not a resident judge of Mecklenburg County, the 26th Judicial District. During the week of August 21, 2000, Judge Robert Bell and Judge Richard Boner, resident judges of the 26th Judicial District, were present and assigned to Mecklenburg County.

Judge Johnston further found that based on the plain language of Rule 9(j), only a judge who resides in the county where the suit is being appropriately brought may extend the statute of limitations. He concluded: "Because plaintiff failed to have the proper authority for the extension, the extension is null and void and the statute of limitations has expired as to Plaintiff's action."

By her sole assignment of error, plaintiff contends the trial court erred in dismissing her action.

For a motion based on Rule 12(b)(6), the question before this Court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). Where a violation of the statute of limitations is alleged, the proper motion for requesting the court to address the issue is one based on Rule 12(b)(6). *Alford v. Catalytica Pharmaceuticals, Inc.*, 150 N.C. App. 489, 564 S.E.2d 267 (2002). Since whether the statute of limitations has been violated under these facts is a question of law, our review is *de novo*. *Falk Integrated Technologies, Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999).

Section 1-53(4) provides that within two years:

Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death. Provided that, whenever the decedent would have been barred, had he lived, from bringing an action for bodily harm because of the provisions of G.S. 1-15(c) or 1-52(16), no action for his death may be brought.

N.C. Gen. Stat. § 1-53(4). However, the two-year statute of limitations can be modified. Prior to an extensive amendment, effective after plaintiff filed her extension motion, Rule 9(j) provided:

Upon motion by the complainant prior to the expiration of the applicable statute of limitations, *a resident judge of the superior*

*court of the county in which the cause of action arose* may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (1999) (emphasis added).

In *Best v. Wayne Mem'l Hosp., Inc.*, 147 N.C. App. 628, 636, 556 S.E.2d 629, 634 (2001), this Court stated:

[A] Rule 9(j) extension motion is to be heard by a resident judge when one is available, but *when the resident judge is unavailable or nonexistent, it is proper for the duly appointed presiding superior court judge to hear and sign the motion.*

(Emphasis added). In *Best*, counsel for the plaintiff searched the Wayne County Courthouse for the sole superior court judge living in that county only to learn he was on vacation. *Id.* at 629, 556 S.E.2d at 630. The *Best* Court concluded the resident judge was unavailable and thus the presiding superior court judge acted with the authority of the resident superior court judge. The Court stated:

It is a reality in North Carolina that some counties have several resident superior court judges while other counties have but one. Some counties are included in a judicial district, but have no resident superior court judge at all. If we were to follow defendants' interpretation, the plaintiffs in counties without a resident superior court judge would not receive a benefit conferred by the Legislature upon the plaintiffs in other counties with resident superior court judges. By the same token, counties with only one resident superior court judge, such as the case here with Wayne County, could find plaintiffs potentially deprived of the benefit of the extension depending upon the schedule and/or health of that judge, or even the judge's willingness to hear such motions.

*Id.* at 634-35, 556 S.E.2d at 633.

The *Best* Court further held that, under section 7A-47 of the North Carolina General Statutes, the nonresident judge sitting in the court was "technically acting in a 'resident' capacity when he ruled on plaintiff's motion." *Id.* at 636, 556 S.E.2d at 634.

Section 7A-47 provides:

A regular superior court judge, duly assigned to hold the courts of a county, or holding such courts by exchange, shall have the *same powers* in the district or set of districts as defined in G.S. 7A-41.1(a) in which that county is located, in open court and in chambers *as the resident judge* or any judge regularly assigned to hold the courts of the district or set of districts as defined in G.S. 7A-41.1(a) has, and his jurisdiction in chambers shall extend until the session is adjourned or the session expires by operation of law, whichever is later.

N.C. Gen. Stat. § 7A-47 (2001) (emphasis added). Pursuant to Section 7A-47, Judge Beal, a regular superior court judge assigned to hold court in Mecklenburg County, had the same powers as a superior court judge who was a resident of that county. Obviously, not all North Carolina counties have superior court judges domiciled within their boundaries. Some citizens of our state, under the interpretation of Rule 9(j) proffered by defendants, would therefore be precluded from ever obtaining the extension, while citizens of other counties would have ample opportunities to avail themselves of the statute's benefits. Particularly in many of our small, rural and often economically deprived areas, the good citizens would be without recourse, thus implicating the equal protection clause of the North Carolina Constitution.

Further, in instances where one judge overrules another, the proper remedy would be for the defendant to come to this Court rather than seek to have the earlier judge overruled. *Madry v. Madry*, 106 N.C. App. 34, 38, 415 S.E.2d 74, 77 (1992). "[I]t is well established that 'no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge made in the same action.'" *Atkinson v. Atkinson*, 132 N.C. App. 82, 88, 510 S.E.2d 178, 181, *overruled on other grounds*, 350 N.C. 590, 516 S.E.2d 381 (1999).

Here, the applicable statute of limitations would not have been violated through Monday, 21 August 2000. N.C. Gen. Stat. § 1-53(4). Under Rule 9(j), a proper order extended the statute of limitations through 11 December 2000. Plaintiff filed her complaint on 8 December 2000. Accordingly, we reverse for proceedings consistent with the opinion and remand the order of the trial court.

REVERSED AND REMANDED.

Judges WALKER and BIGGS concur.