HAROLD CORNETT, Administrator of the Estate of DIANNE M. MORIN (Deceased), Plaintiff v. WATAUGA SURGICAL GROUP, P.A., and FRANK Y. CHASE, M.D., Defendants

No. COA08-485

(Filed 16 December 2008)

**1. Witnesses— qualifications—motion to exclude expert witness—applicable standard of care—failure to meet requirements**

The trial court did not err in a medical malpractice case by granting defendant's motion to exclude plaintiff's expert witness doctor on the basis that he did not meet the requirements of N.C.G.S. § 8C-1, Rule 702(b) because: (1) although the doctor was a licensed physician with the same specialty as defendants, his testimony revealed that he was not devoting a majority of his professional time to clinical surgery or instruction surgery in the year prior to the pertinent occurrence; (2) contrary to plaintiff's assertion, the trial court did consider the doctor's occasional performance of minor surgeries; and (3) even if the doctor could have testified to causation, without an expert to testify to the applicable standard of care, plaintiff did not forecast evidence to defeat the summary judgment motion.

**2. Medical Malpractice— refusal to hear N.C.G.S. § 8C-1, Rule 702(e) motion—timeliness—failure to establish prejudicial error**

The trial court did not abuse its discretion in a medical malpractice case by refusing to hear plaintiff's N.C.G.S. § 8C-1, Rule 702(e) motion to permit standard of care testimony by plaintiff's

witness based upon extraordinary circumstances because: (1) plaintiff failed to timely request a Rule 702(e) hearing until after the case was called for trial and after the hearing on the motion to exclude and motion for summary judgment had begun; (2) assuming arguendo that the trial court erred by determining it did not have authority to rule on the motion, plaintiff failed to establish prejudicial error when the trial court specifically found it would have denied the motion if heard; and (3) plaintiff did not demonstrate extraordinary circumstances to support his Rule 702(e) motion at the hearing before the trial court.

**3. Trials— denial of motion to continue—abuse of discretion standard—notice**

The trial court did not abuse its discretion in a medical malpractice case by denying plaintiff's motion to continue the trial in order to have the Rule 702(e) motion heard and reopen discovery because: (1) plaintiff did not contend he did not receive notice that his expert witness's qualifications were being challenged at the 12 November 2007 civil session; and (2) plaintiff had notice to investigate his expert's qualifications, opportunity to find a qualified expert, and time to file a Rule 702(e) motion prior to trial.

**4. Medical Malpractice— summary judgment—failure to provide expert witness to testify regarding standard of care**

The trial court did not err in a medical malpractice case by granting summary judgment in favor of defendants because: (1) plaintiff's expert witness was properly excluded under N.C.G.S. § 8C-1, Rule 702(b), and thus plaintiff was without an expert witness to testify regarding the standard of care; and (2) contrary to plaintiff's assertion, defendant doctor's testimony did not establish the relevant standard of care and breach of the standard of care.

Appeal by plaintiff from judgment and order entered 30 November 2007 by Judge John W. Smith in Watauga County Superior Court. Heard in the Court of Appeals 23 October 2008.

*Charles G. Monnett III & Associates, by Charles G. Monnett III for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Richard L. Vanore, Robert N. Young, and Norman F. Klick, Jr., for defendants-appellees.*

CALABRIA, Judge.

Harold Cornett, administrator of the estate of Dianne M. Morin, ("plaintiff") appeals the trial court's order and judgment granting Watauga Surgical Group, P.A.'s ("Watauga Surgical") and Frank Y. Chase's ("Dr. Chase") (collectively referred to as "defendants") motion to exclude plaintiff's expert witness and motion for summary judgment. We affirm.

Plaintiff alleges that on 13 March 2004, Dianne Morin ("the deceased") was admitted to the emergency room of Watauga Medical Center complaining of abdominal pain, nausea and vomiting. After Dr. Chase evaluated her, he performed a surgical procedure. Following surgery, the deceased remained in the hospital for nine days and experienced an increase in abdominal symptoms. On 22 March 2004, Dr. Chase performed exploratory surgery on the deceased and found further complications in her bowels. On 24 March 2004, Dr. Chase placed two drains in her abdomen. On 28 March 2004, the deceased was transferred to Wake Forest University Baptist Medical Center for treatment. On 2 April 2004, the deceased passed away.

On 28 March 2006, plaintiff filed a negligence complaint against Dr. Chase and Watauga Surgical. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, plaintiff certified in his complaint that the deceased's medical care was reviewed by a person reasonably expected to qualify as an expert witness willing to testify that "the medical care provided did not comply with the applicable standard of care."

On 14 August 2007, defendants deposed Dr. Martin Litwin, M.D. ("Dr. Litwin"), plaintiff's proposed expert witness. On 1 November 2007, defendants moved to exclude Dr. Litwin, and moved for summary judgment. The case was called for trial on 12 November 2007. The trial court granted defendants' motions. At the pre-trial hearing on the motion to exclude, plaintiff moved under North Carolina Rules of Evidence, Rule 702(e), for the court to permit Dr. Litwin's standard of care testimony upon showing extraordinary circumstances and a determination that justice requires it. The trial court refused to hear the motion because the trial court judge was not a resident superior court judge as required by Rule 702(e). The trial court judge also stated in his order that if he had reached the motion, he would have denied it because plaintiff did not show either extraordinary circumstances or that justice required allowing a non-qualified expert witness to testify. Plaintiff also moved to continue the trial. This motion was denied. Plaintiff appeals.

## I. Exclusion of Plaintiff's Expert Witness

**[1]** Plaintiff contends the trial court erred in excluding Dr. Litwin as an expert witness on the basis that he did not meet the requirements of N.C. Gen. Stat. § 8C-1, Rule 702(b). We disagree.

Where the plaintiff contends the trial court's decision is based on an incorrect reading and interpretation of the rule governing admissibility of expert testimony, the standard of review on appeal is *de novo. See FormyDuval v. Bunn*, 138 N.C. App. 381, 385, 530 S.E.2d 96, 99, *review denied*, 353 N.C. 262, 546 S.E.2d 93 (2000); *Smith v. Serro*, 185 N.C. App. 524, 527, 648 S.E.2d 566, 568 (2007).

This Court also determines "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *FormyDuval*, 138 N.C. App. at 385, 530 S.E.2d at 100 (quoting *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)).

The relevant portion of N.C. Gen. Stat. § 8C-1, Rule 702 provides:

(b) In a medical malpractice action as defined in G.S. 90-21.11, a person shall not give expert testimony on the appropriate standard of health care as defined in G.S. 90-21.12 unless the person is a licensed health care provider in this State or another state and meets the following criteria:

(1) If the party against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:

a. Specialize in the same specialty as the party against whom or on whose behalf the testimony is offered; or

b. Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

(2) During the year immediately preceding the date of the occurrence that is the basis for the action, the expert witness must have devoted a majority of his or her professional time to either or both of the following:

a. The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony

is offered, and if that party is a specialist, the active clinical practice of the same specialty or a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients; or

b. The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered, and if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

N.C. Gen. Stat. § 8C-1, Rule 702(b) (2007).

It is undisputed that Dr. Litwin is a licensed physician specializing in the same specialty as defendants. In order to satisfy the threshold requirements of N.C. Gen. Stat. § 8C-1, Rule 702(b), Dr. Litwin must have devoted the majority of his professional time to either clinical practice in the speciality of surgery ("clinical surgery") or, instructing medical students in the specialty of surgery ("instructing surgery") or both clinical surgery and instructing surgery from March 2003 until March 2004. *Id.*

Dr. Litwin's testimony revealed that he was not devoting a majority of his professional time to clinical surgery or instructing surgery in the year prior to the occurrence at issue. Dr. Litwin testified that he ceased practicing general surgery in 2000 or 2001, except for minor cases once or twice a month. In 2002, Dr. Litwin took a medical leave of absence to undergo surgery for the removal of a pituitary tumor. Dr. Litwin returned to work in either the early part of 2004, or the latter part of 2003. Dr. Litwin worked half days for a month and then returned to a full-time schedule. Dr. Litwin's full-time work schedule consisted of sixty hours a week at this time.

### A. Clinical Surgery

Although Dr. Litwin did not perform any minor cases in 2003, he performed minor surgeries once a month in early 2004. Therefore, from March 2003 until March 2004, his clinical surgery consisted of an occasional minor surgery once or twice a month for up to two hours at a time. At the most, in a sixty-hour work week, the total time Dr. Litwin devoted to clinical surgery was one hour a week.

Although plaintiff contends the trial court failed to consider Dr. Litwin's occasional performance of minor surgery, it appears from the trial court's order that the court did consider Dr. Litwin's minor surgeries. In finding of fact number nine, the trial court states, "[t]he court has considered whether Dr. Litwin's teaching time together with the 'minor surgeries' performed without general anesthesia and his other duties are sufficient to meet the requirements of Rule 702(b), and the court finds that they are not."

## B. Instructing Surgery

Dr. Litwin was employed as a professor of surgery at Tulane Medical School. In 2004, he assisted residents on one case per month and personally performed one case a month. Dr. Litwin participated in grand rounds with residents once a week which lasted an hour at a time. Twice a week, for two to three hours at a time, Dr. Litwin attended hospital rounds with residents. Dr. Litwin testified his teaching duties totaled from two to four hours per week. The remainder of his time was spent performing administrative functions, attending conferences and participating in committee meetings.

Plaintiff also argues Dr. Litwin's teaching activities amounted to all of his professional time. However, as previously noted, Dr. Litwin testified he spent significant time performing administrative duties such as attending committee meetings. Even considering all of his teaching time, it does not amount to more than half of his professional time.

The trial court did not err in determining that Dr. Litwin did not meet the requirements of Rule 702(b), since, in a sixty-hour work week, at the most, Dr. Litwin spent five hours a week in clinical surgery and instructing surgery. This was less than half of his professional time.

After the trial court excluded Dr. Litwin as an expert witness, plaintiff submitted an affidavit by Dr. Litwin contradicting his deposition testimony. Dr. Litwin asserted in his affidavit that his work schedule in the year preceding the alleged malpractice consisted of a thirty-four hour work week. Dr. Litwin's affidavit was not considered by the trial court because it was filed after the trial court entered its order excluding Dr. Litwin as an expert witness. Accordingly, we do not consider the affidavit in reviewing the order on appeal.[1] *See also*

---

1. Plaintiff attached the affidavit to a Motion to Reconsider Ruling on Defendants' Motion to Exclude and Motion for Summary Judgment. After plaintiff filed a notice of appeal, he requested the trial court rule on his Motion to Reconsider. The trial court

*Pinczkowski v. Norfolk S. Ry. Co.*, 153 N.C. App. 435, 440, 571 S.E.2d 4, 7 (2002) (party opposing summary judgment cannot create a genuine issue of material fact by filing an affidavit contradicting his sworn testimony).

We conclude the trial court's determination that Dr. Litwin did not qualify as an expert witness under N.C. Gen. Stat. § 8C-1, Rule 702(b) was supported by its findings of fact and those findings are supported by competent evidence. This assignment of error is overruled.

## C. Causation

Plaintiff also argues Dr. Litwin was qualified to testify about causation and such testimony would establish a genuine issue of material fact. We disagree.

Summary judgment is appropriate when the defendant shows the plaintiff cannot support an essential element of his claim and the plaintiff does not "produce a forecast of evidence showing the existence of a genuine issue of material fact with respect to the issues raised by the movant." *Huffman v. Inglefield*, 148 N.C. App. 178, 182, 557 S.E.2d 169, 172 (2001) (citation omitted). Evidence of the standard of care is an essential element to plaintiff's medical malpractice claim. *Weatherford v. Glassman*, 129 N.C. App. 618, 621, 500 S.E.2d 466, 468 (1998).

In the instant case, even if Dr. Litwin could have testified to causation, without an expert to testify to the applicable standard of care, plaintiff did not forecast evidence to defeat the summary judgment motion. The trial court did not err in excluding Dr. Litwin's testimony. This assignment of error is overruled.

## II. Rule 702(e) Motion

**[2]** Plaintiff next argues the trial court erred by refusing to hear plaintiff's N.C. Gen. Stat. § 8C-1, Rule 702(e) motion.

The trial court found that plaintiff failed to timely request a Rule 702(e) hearing until after the case was called for trial and after the hearing on the motion to exclude and motion for summary judgment had begun. The trial court judge noted that the undersigned was a special superior court judge and declined to rule on the Rule

---

determined it did not have jurisdiction over the Motion to Reconsider. Plaintiff's sole assignment of error regarding the Motion to Reconsider was stricken by an order by this Court on 17 June 2008. As a result, neither the Motion to Reconsider nor the affidavit attached are within the scope of our review. *See* N.C. R. App. P. 10(a)-(b) (2007).

**CORNETT v. WATAUGA SURGICAL GRP.**

[194 N.C. App. 490 (2008)]

702(e) motion on that basis, but entered a finding that if the trial court judge had ruled on it he would have denied it.

N.C. Gen. Stat. § 8C-1, Rule 702(e) provides:

Upon motion by either party, a resident judge of the superior court in the county or judicial district in which the action is pending may allow expert testimony on the appropriate standard of health care by a witness who does not meet the requirements of subsection (b) or (c) of this Rule, but who is otherwise qualified as an expert witness, upon a showing by the movant of extraordinary circumstances and a determination by the court that the motion should be allowed to serve the ends of justice.

Since the rule provides a trial judge "may" allow the testimony, the standard of review is abuse of discretion. *See also Burrell v. Sparkkles Reconstr. Co.*, 189 N.C. App. 104, 113, 657 S.E.2d 712, 718-19 (2008) ("We review a trial court's ruling as to the admissibility of an expert witness's testimony for an abuse of discretion.").

Plaintiff asserts the standard of review of this issue is *de novo* because the trial court judge incorrectly interpreted the statute to provide that the only judges allowed to rule on Rule 702(e) motions are resident superior court judges. Plaintiff also argues that the trial court judge incorrectly presumed the Rule 702(e) motion must have been set for hearing before Dr. Litwin was disqualified. However, even if the trial court erred in determining it could not rule on the motion, plaintiff must still show he was prejudiced by the trial court's failure to rule on the motion. *O'Mara v. Wake Forest Univ. Health Sciences*, 184 N.C. App. 428, 440, 646 S.E.2d 400, 407 (2007) (quoting *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 271, 302 S.E.2d 204, 214 (1983) (citations omitted)) (" 'The burden is on the appellant not only to show error, but to show prejudicial error, i.e., that a different result would have likely ensued had the error not occurred.' ").

Plaintiff asserts that the trial court judge was authorized to rule on the motion pursuant to N.C. Gen. Stat. § 7A-47 (2007). This statute provides that regular superior court judges duly assigned to hold court, or holding such court by exchange, shall have the same powers in that district as the resident judge. *Id.* Read in conjunction with Rule 702(e), plaintiff argues this provides authority for the judge to have heard his motion. *See also Best v. Wayne Mem'l Hosp., Inc.*, 147 N.C. App. 628, 636, 556 S.E.2d 629, 634 (2001) (concluding a Rule 9(j)

extension motion is to be heard by a resident judge when one is available, but when the resident judge is unavailable or nonexistent, it is proper for the duly appointed presiding superior court judge to hear and sign the motion) and *Howard v. Vaughn*, 155 N.C. App. 200, 204, 573 S.E.2d 253, 256 (2002) (concluding trial court erred in dismissing medical malpractice complaint on the basis that the Rule 9(j) extension granted by a non-resident judge was invalid). Plaintiff also argues he was not required to set his Rule 702(e) motion for hearing until after the motion to exclude his expert witness was ruled upon.

We do not address these arguments because assuming *arguendo* the trial judge erred in determining he did not have authority under N.C. Gen. Stat. § 8C-1, Rule 702(e) to rule on the motion, plaintiff failed to establish prejudicial error. The trial court judge specifically found he would have denied the motion if he had heard it. Plaintiff contends the error is not harmless because whether Dr. Litwin qualified as an expert "literally came down to counting minutes spent between his different activities in a given month," "disbelieving Dr. Litwin's sworn testimony to the contrary," and these are "extraordinary circumstances" contemplated under the rule. We disagree. Plaintiff did not demonstrate extraordinary circumstances to support his Rule 702(e) motion at the hearing before the trial court. *See Knox v. University Health Sys. of E. Carolina, Inc.*, 187 N.C. App. 279, 283, 652 S.E.2d 722, 725 (2007). This assignment of error is overruled.

### III. Motion to Continue

**[3]** Plaintiff also argues the trial court erred in denying his motion to continue the trial. We disagree.

"The standard of review for denial of a motion to continue is generally whether the trial court abused its discretion." *Morin v. Sharp*, 144 N.C. App. 369, 373, 549 S.E.2d 871, 873 (2001). "Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it." *Shankle v. Shankle*, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976). Absent a manifest abuse of discretion, this Court will not disturb the trial court's decision to grant or deny a motion to continue. *Atlantic & E. Carolina Ry. Co. v. Wheatly Oil Co.*, 163 N.C. App. 748, 754, 594 S.E.2d 425, 430 (2004) (quotation omitted).

Here, on the day of trial, counsel for plaintiff requested a continuance in order to have the Rule 702(e) motion heard and reopen discovery. Plaintiff contends the trial court abused its discretion in

denying the motion because there was good cause shown for a continuance and granting the motion would have promoted substantial justice. We disagree. Plaintiff does not contend he did not receive notice that his expert witness's qualifications were being challenged at the 12 November 2007 civil session. Plaintiff had notice to investigate his expert's qualifications, opportunity to find a qualified expert, and time to file a Rule 702(e) motion prior to the trial. We conclude the trial court did not abuse its discretion in denying the motion to continue.

## IV. Summary Judgment

**[4]** Plaintiff contends the trial court erred in granting summary judgment for defendants. We disagree.

The standard of review on a summary judgment motion is whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980); *Barbour v. Little*, 37 N.C. App. 686, 692, 247 S.E.2d 252, 256 (1978). "The record is to be viewed in the light most favorable to the non-movant, giving it the benefit of all inferences reasonably arising therefrom." *Ausley v. Bishop*, 133 N.C. App. 210, 214, 515 S.E.2d 72, 75 (1999) (citation omitted). "[A] defendant may show he is entitled to summary judgment by: (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense." *Kinesis Advertising, Inc. v. Hill*, 187 N.C. App. 1, 10, 652 S.E.2d 284, 292 (2007) (citations and internal quotations omitted).

In a medical malpractice action, a plaintiff has the burden of showing "(1) the applicable standard of care; (2) a breach of such standard of care by the defendant; (3) the injuries suffered by the plaintiff were proximately caused by such breach; and (4) the damages resulting to the plaintiff." *Weatherford*, 129 N.C. App. at 621, 500 S.E.2d at 468.

Since we conclude Dr. Litwin was properly excluded under N.C. Gen. Stat. § 8C-1, Rule 702(b), plaintiff was without an expert witness to testify to the standard of care. Summary judgment for defendant was proper. *See Purvis v. Moses H. Cone Mem'l Hosp. Serv. Corp.*, 175 N.C. App. 474, 478, 624 S.E.2d 380, 384 (2006) (concluding that in

the absence of establishing that an expert witness is .competent to testify to the standard of care, summary judgment for defendant is proper). Plaintiff argues Dr. Chase's testimony established the relevant standard of care and breach of the standard of care. We disagree.

In answering a hypothetical question, Dr. Chase testified *cutting and removing the common bile duct during a gastrectomy* would be considered a procedure that is below the standard of care. Dr. Chase testified the deceased's bile duct was not severed and removed. Without Dr. Litwin's testimony, plaintiff did not establish that there was a genuine issue of material fact whether the bile duct was severed and removed, therefore, summary judgment was not in error. Dr. Chase also testified that "it's possible to adhere to the standard of care and injure things that are close to the area in which you will be operating." Dr. Chase's testimony did not establish that he breached the standard of care. We affirm the trial court's order.

Affirmed.

Judges McCULLOUGH and TYSON concur.