TEIJI KIMBALL, Plaintiff v. DINA VERNIK, Defendant

No. COA10-406

(Filed 7 December 2010)

**1. Process and Service— service of process—purposeful avoidance—alias and pluries summons**

Plaintiff's argument that the trial court erred by dismissing his complaint because defendant purposefully and knowingly

avoided service of process and because defendant's insurance company may have assisted him in avoiding service was over-ruled. There was no evidence in the record to substantiate plaintiff's baseless allegations and it was plaintiff's own failure to timely sue out his alias and pluries summons, and not defendant's alleged avoidance of service, that caused plaintiff's action to be barred by the statute of limitations.

**2. Estoppel— equitable estoppel—motion to dismiss denied— no abuse of discretion**

The trial court did not abuse its discretion by denying plaintiff's motion for a continuance in a negligence case, thereby denying plaintiff the opportunity to develop competent evidence concerning his equitable estoppel claim, where the Court of Appeals determined that plaintiff's equitable estoppel claim was meritless.

Appeal by Plaintiff from order entered 12 November 2009 by Judge Shannon R. Joseph in Durham County Superior Court. Heard in the Court of Appeals 26 October 2010.

*Stark Law Group, PLLC, by Thomas H. Stark, for Plaintiff. Teague Rotenstreich Stanaland Fox & Holt, PLLC, by Paul A. Daniels, for Defendant.*

STEPHENS, Judge.

On 22 April 2006, Plaintiff Teiji Kimball and Defendant Dina Vernik were involved in an automobile collision in Durham, North Carolina. On 16 April 2009, Plaintiff filed a complaint in Durham County Superior Court, alleging physical and economic injuries resulting from Defendant's alleged negligent driving and seeking compensatory damages in excess of $10,000. In connection with the filing of the complaint, a summons was issued by the Clerk of Superior Court of Durham County on 16 April 2009.

On 24 April 2009, Plaintiff first attempted service of the complaint and summons on Defendant by certified mail to an address in Durham. However, the documents were returned unclaimed and without service on 20 May 2009. On 26 May 2009, after determining that Defendant was a student at Duke University, Plaintiff attempted service of process by certified mail addressed as follows:

Dinah [sic] Vernik
c/o Duke University -
Fuqua School of Business
Box 90120
Durham, NC 27708-1020

On 6 June 2009, Plaintiff's attempted service of Defendant through Duke University was returned unserved with an indication that Defendant was no longer at Duke.

On 31 July 2009, Plaintiff had issued an alias and pluries summons from the Durham County Clerk of Superior Court.

On 8 September 2009, Defendant filed a motion to dismiss Plaintiff's claim on grounds of "lack of proper service or jurisdiction" and failure to state a claim upon which relief may be granted. In support of the second basis, Defendant asserted that Plaintiff's claim was barred by the applicable three-year statute of limitations because the alias and pluries summons was issued more than ninety days after the issuance of the original summons, such that the action was deemed commenced on 31 July 2009—one hundred days after the statute of limitations expired on 22 April 2009.

At the 12 November 2009 hearing on Defendant's motion to dismiss, Plaintiff filed a motion to continue, in which Plaintiff's attorney alleged that he had attempted to serve Defendant without success and that Defendant's "avoidance of service [was] well known by [Defendant], her counsel, and her [insurance] carrier." In the motion, Plaintiff requested that the court allow Plaintiff ninety days to "conduct additional discovery on these and related issues[.]"

Following the hearing, the trial court denied Plaintiff's motion for continuance and dismissed Plaintiff's claims with prejudice. From the trial court's order, Plaintiff appeals.

## Discussion

[1] Plaintiff first argues that the trial court erred by dismissing his complaint because Defendant "purposefully and knowingly avoided service of process" and that Defendant's insurance company "may have assisted [Defendant] in avoiding service, failed to disclose Defendant['s] whereabouts, and filed an immediate motion for dismissal when Plaintiff[] was unable to serve Defendant[] prior to the expiration of the summons period." Based on these allegations, Plaintiff argues that Defendant should be equitably estopped from

relying on the statute of limitations defense. *Cf. Friedland v. Gales*, 131 N.C. App. 802, 806, 509 S.E.2d 793, 796 (1998) ("North Carolina courts have recognized and applied the principle that a defendant may properly rely upon a statute of limitations as a defensive shield against 'stale' claims, but may be equitably estopped from using a statute of limitations as a sword, so as to unjustly benefit from his own conduct which induced a plaintiff to delay filing suit.").

As support for his allegations, Plaintiff offers the following: naked suspicion and bare conjecture. And despite Plaintiff's contention otherwise, the record on appeal is absolutely devoid of any "evidence suggesting that Defendant[] and her insurance company purposefully and knowingly avoided service[.]" Accordingly, we decline Plaintiff's self-styled "good faith" invitation to extend the doctrine of equitable estoppel "to include deliberate attempts to conceal the whereabouts of an insured defendant in order to avoid service of process[,]" where not a shred of evidence exists in the record to substantiate Plaintiff's baseless allegations.

Furthermore, and irrespective of Plaintiff's unfounded allegations of misconduct by Defendant, Plaintiff's asserted inability to serve Defendant "prior to the expiration of the summons period" evinces a clear misapprehension of Rule 4 of the North Carolina Rules of Civil Procedure, specifically of the duration or "expiration" of the summons period.

Rule 4 provides that a plaintiff who is unable to serve a defendant within the sixty-day period allowed for service following the initial issuance of a summons may continue the action by suing out an alias and pluries summons. N.C. Gen. Stat. § 1A-1, Rule 4(d) (2009). "Such alias or pluries summons may be sued out at any time *within 90 days after the date of issue of the last preceding summons*[.]" N.C. Gen. Stat. § 1A-1, Rule 4(d)(1) (emphasis added).

When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, *the action shall be deemed to have commenced on the date of such issuance or endorsement.*

N.C. Gen. Stat. § 1A-1, Rule 4(e) (emphasis added).

KIMBALL v. VERNIK

[208 N.C. App. 462 (2010)]

In this case, Plaintiff failed to sue out his alias and pluries summons within the ninety-day period and, thus, his action was deemed to have commenced on the eventual date of issuance of the alias and pluries summons: 31 July 2009. Therefore, the action was deemed commenced one hundred days after the date the statute of limitations expired, and Plaintiff's claim was barred by the statute of limitations and properly dismissed by the trial court. N.C. Gen. Stat. § 1-52(5) (2009); *see also Long v. Fink*, 80 N.C. App. 482, 484-85, 342 S.E.2d 557, 559 (1986) (holding that "[a] statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred[,]" and noting that "[a]n action for damages for personal injury arising out of an accident between two vehicles must be commenced within three years of the date on which the accident occurred").

Accordingly, it was not Defendant's alleged avoidance of service that caused Plaintiff's action to be barred by the statute of limitations. Rather, it was Plaintiff's own failure to timely sue out his alias and pluries summons. Therefore, Plaintiff's "claim" of equitable estoppel is meritless as Plaintiff's own conduct, and not Defendant's, led to the dismissal of Plaintiff's complaint. We further note that it does not appear that any action by Defendant was the cause of Plaintiff's decision to delay filing suit in this case for nearly three years and within a few days of the expiration of the statute of limitations. As such, we conclude that the trial court did not err in dismissing Plaintiff's complaint, despite Plaintiff's allegations of Defendant's misconduct.

**[2]** Plaintiff next argues that the trial court erred by denying his motion for a continuance on grounds that this action by the court "improperly denied any opportunity to develop competent evidence concerning [Plaintiff's] equitable estoppel claims." Our standard of review for a trial court's denial of a motion to continue is abuse of discretion. *Cornett v. Watauga Surgical Gp., P.A.*, 194 N.C. App. 490, 498, 669 S.E.2d 805, 810 (2008). Because we have already determined that Plaintiff's equitable estoppel claim is meritless, we conclude that the trial court did not abuse its discretion in denying Plaintiff's motion for continuance.

The order of the trial court is

AFFIRMED.

Chief Judge MARTIN and Judge STROUD concur.