ELMORE, Judge.
 

 *233
 
 Burl Ravon Torrence (defendant) was found guilty of driving while impaired under N.C. Gen.Stat. § 20-138.1. On appeal, defendant argues that the trial court erred in admitting lay opinion testimony on the results of the Horizontal Gaze Nystagmus (HGN) test. After careful review, and consistent with our opinion in
 
 State v. Godwin,
 
 --- N.C.App. ----,
 
 786 S.E.2d 34
 
 ,
 
 2016 WL 1569437
 
 (Apr. 19, 2016) (No. COA15-766), we agree and conclude defendant is entitled to a new trial.
 

 I. Background
 

 The State's evidence tended to show the following: Deputy Jonathan Phillips with the Macon County Sheriff's Office was working as part of the traffic safety unit on the morning of 4 August 2013. He was on patrol around 1:00 a.m. on Route 64, or Highlands Road, when he observed a silver car, driven by defendant, in front of him. Phillips testified that defendant was driving around twenty miles per hour, and the speed limit was fifty miles per hour. He stated that he observed defendant "slow down to 20" and then "speed back up" approximately three times. Phillips "also observed him weaving within his lane, the white line to the yellow line, never breaking those lines but just weaving within the lane."
 

 After following defendant for a few miles, Phillips initiated a stop when defendant began to exit off Route 64, then "all of a sudden made an abrupt lane change," and drove back onto Route 64. When defendant lowered the car window Phillips noticed a strong odor of alcohol, which prompted him to ask defendant to step out of the vehicle. Phillips stated that he detected a strong odor of alcohol coming from defendant's breath, defendant's eyes were red and glassy, defendant "had a little bit of trouble getting out of the vehicle[,]" and defendant's speech was slow. As a result, Phillips offered defendant two portable breath tests and conducted several field sobriety tests, including the HGN test, the vertical gaze nystagmus test, the "one-leg stand test," the "walk-and-turn test," and the "finger-to-nose test."
 

 *234
 
 Afterward, Phillips placed defendant under arrest for driving while impaired and transported him to the Macon County Detention Center to test his breath for alcohol using the Intox EC/IR II device. Phillips administered the test three times but was unable to obtain a breath sample. Phillips indicated that defendant refused the test and presented defendant to a magistrate.
 

 On 16 April 2014, defendant pleaded guilty to driving while impaired under N.C. Gen.Stat. § 20-138.1 in Macon County District Court. The Honorable Donna F. Forga suspended defendant's sentence of sixty days imprisonment and ordered twelve months unsupervised probation. Defendant appealed to Macon County Superior Court for a trial by jury where he was found guilty of driving while impaired on 4 February 2015. The Honorable Alan Z. Thornburg suspended defendant's sentence of sixty days imprisonment and ordered twelve months supervised probation. Defendant appeals.
 

 II. Analysis
 

 Defendant argues that the trial court erred in admitting Phillips's testimony on the issue of impairment relating to the results of the HGN test, and in accepting the State's argument that Phillips was simply reporting his observations, not giving expert testimony. Defendant claims that the trial court erred in failing to evaluate the admissibility of the testimony under Rule 702.
 

 Where the appellant "contends the trial court's decision is based on an incorrect reading and interpretation of the rule governing admissibility of expert testimony, the standard of review on appeal is
 
 de novo.
 
 "
 
 Cornett v. Watauga Surgical Grp.,
 

 194 N.C.App. 490
 
 , 493,
 
 669 S.E.2d 805
 
 , 807 (2008) (citing
 
 Smith v. Serro,
 

 185 N.C.App. 524
 
 , 527,
 
 648 S.E.2d 566
 
 , 568 (2007) ;
 
 FormyDuval v.
 

 *42
 

 Bunn,
 

 138 N.C.App. 381
 
 , 385,
 
 530 S.E.2d 96
 
 , 99 (2000) ).
 

 A. Testimony on the HGN Test Results
 

 Expert witness testimony is governed by Rule 702, which provides,
 

 (a) If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if all of the following apply:
 

 (1) The testimony is based upon sufficient facts or data.
 

 *235
 
 (2) The testimony is the product of reliable principles and methods.
 

 (3) The witness has applied the principles and methods reliably to the facts of the case.
 

 (a1) A witness, qualified under subsection (a) of this section and with proper foundation, may give expert testimony solely on the issue of impairment and not on the issue of specific alcohol concentration level relating to the following:
 

 (1) The results of a Horizontal Gaze Nystagmus (HGN) Test when the test is administered by a person who has successfully completed training in HGN.
 

 N.C. Gen.Stat. § 8C-1, Rule 702 (2015).
 

 Accordingly, if an officer is going to testify on the issue of impairment relating to the results of an HGN test, the officer must be qualified as an expert witness under Rule 702(a) and establish proper foundation.
 
 Id.; see
 

 State v. Godwin,
 
 --- N.C.App. ----,
 
 786 S.E.2d 34
 
 ,
 
 2016 WL 1569437
 
 (Apr. 19, 2016) (No. COA15-766) ("Our application of Rule 702(a1) to the facts of this case leads us to conclude that the trial court erred in allowing a witness who had not been qualified as an expert under Rule 702(a) to testify as to the issue of impairment based on the HGN test results."). Moreover, the officer may not testify to a specific alcohol concentration level relating to the results of an HGN test. N.C. Gen.Stat. § 8C-1, Rule 702(a1).
 

 On appeal, the State argues that although Phillips was not tendered as an expert witness, he was qualified to give expert testimony on the HGN test because he "provided substantial evidence of his training, knowledge and skill [.]" At trial, however, the State specifically argued that Phillips was not being offered as an expert witness and that he was "just showing what he saw regarding the test and that's it."
 

 Phillips testified to the meaning of nystagmus, resting nystagmus, lack of smooth pursuit, distinct and sustained nystagmus at maximum deviation, and onset of nystagmus prior to forty-five degrees. Over objection Phillips stated that defendant did not present resting nystagmus, which indicated that defendant did not have a head injury. Phillips also testified, over objection, "if four or more clues exist that it's a 77 percent chance that they are at a .10 or higher blood alcohol level." He explained that a person may exhibit six clues during the HGN test and that defendant presented with all six clues, as follows:
 

 *236
 
 Q. Let's talk about the lack of smooth pursuit in the left eye. Did you see a lack of smooth pursuit in the left eye?
 

 A. Yes.
 

 Q. And how about the right eye?
 

 A. Yes.
 

 Q. And describe that you saw a lack of smooth pursuit in the defendant's left and right eye.
 

 A. As the eye moves horizontally towards the side of his face, I saw that bouncing motion where his-the pupil would bounce instead of just like it was moving smooth. It would bounce as it heads to the side.
 

 Q. Now the distinct and sustained nystagmus at maximum deviation. Again, what does maximum deviation mean?
 

 A. Maximum deviation is where the pupil is at the corner of the eye without any white showing.
 

 Q. So when you saw the defendant perform this standard field sobriety test, the distinct and sustained nystagmus at maximum deviation, describe his left and right eye?
 

 A. When it was in the corner-
 
 *43
 
 MS. LEPRE: Your Honor, I'm going to renew my objection simply because
 
 State v. Helms
 
 has said that the result of this test is scientifically founded and it does refer then to Rule 702 due to this. And so they are presenting scientific evidence even though he has training in it, there still needs to be a scientific foundation. I have
 
 State v. Helms
 
 here if Your Honor would like to see it.
 

 THE COURT: Mr. Hess?
 

 MR. HESS: Again, we're not asking him to state like the results of the test were. [sic] It's just a standard field sobriety test that he's received training in. So he can testify to what he observed.
 

 THE COURT: Overruled.
 

 ....
 

 *237
 
 A. Both eyes it [sic] was in the corner and it was bouncing there.
 

 Q. And then what was referred to as the onset of nystagmus prior to 45 degrees, what if anything did you notice in the left and right?
 

 A. In both eyes I observed nystagmus prior to 45 degree [sic] angle.
 

 As a lay witness, Phillips effectively informed the jury that, based on the results of the HGN test, there was more than a 77% chance that defendant's blood alcohol level was .10 or higher. Phillips's testimony violated Rule 702(a1) because he testified on the issue of impairment relating to the results of the HGN test without first being qualified under subsection (a), and because he testified on the issue of specific alcohol concentration level relating to the results of the HGN test. N.C. Gen.Stat. § 8C-1, Rule 702(a1). For the reasons discussed below, the error was prejudicial.
 

 B. Prejudicial Error
 

 Because defendant objected to Phillips's testimony at trial, we analyze whether the error was prejudicial under N.C. Gen.Stat. § 15A-1443(a). Defendant has the burden of showing that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen.Stat. § 15A-1443(a) (2015).
 

 In
 
 State v. Helms,
 

 348 N.C. 578
 
 , 583,
 
 504 S.E.2d 293
 
 , 296 (1998), our Supreme Court concluded that the admission of testimony regarding the results of an HGN test administered to the defendant constituted prejudicial error. In reversing this Court's holding that such error was harmless, the Supreme Court explained,
 

 The evidence presented at trial was clearly sufficient to send the case to the jury and to support a jury finding of guilty of driving while impaired. However, that is not the question before us. The question is not one of sufficiency of the evidence to support the jury verdict. In order to establish prejudicial error in the erroneous admission of the HGN evidence, defendant must show only that had the error in question not been committed, a reasonable possibility exists that a different result would have been reached at trial. N.C.G.S. § 15A-1443(a) (1997). We
 
 *238
 
 conclude that, in light of the heightened credence juries tend to give scientific evidence, there is a reasonable possibility that had evidence of the HGN test results not been erroneously admitted a different outcome would have been reached at trial.
 

 Id.
 

 Here, the State points to the following additional evidence to support its argument that any error was harmless: (1) Defendant was driving thirty miles per hour below the speed limit; (2) he was weaving within his lane of travel and made a suspiciously wide left-hand turn into a shopping center after an abrupt lane change; (3) a strong odor of alcohol emanated from his person; (4) he was unsteady on his feet; (5) his speech was slow; (6) his eyes were red and glassy; (7) he performed poorly on the "walk-and-turn test" and the "finger-to-nose test ;" (8) the jury watched the video of defendant's driving and sobriety testing; (9) the jury could use the evidence of defendant's refusal with the Intoxilyzer test as evidence of impairment; and (10) the jury deliberated for only forty-two minutes.
 

 Defendant, on the other hand, argues that the State's other evidence did not overwhelming
 
 *44
 
 establish defendant's guilt and does not prevent him from meeting his burden of showing prejudice under N.C. Gen.Stat. § 15A-1443(a). Defendant shows the following: (1) The jury heard conflicting evidence about defendant's driving with some testimony showing he was lost; (2) he maintained travel in his own lane and never weaved between different lanes; (3) he promptly pulled over in response to the patrol car's lights; (4) he informed Phillips that he had a medical condition-sciatica-which prevented him from performing some physical dexterity tests, such as the "walk-and-turn test" and the "one-leg stand test;" (5) he walked with a slight limp; and (6) the State failed to obtain a sample of his breath or blood for alcohol concentration testing.
 

 Based on the foregoing and "in light of the heightened credence juries tend to give scientific evidence, there is a reasonable possibility that had evidence of the HGN test results not been erroneously admitted a different outcome would have been reached at trial."
 
 Helms,
 

 348 N.C. at 583
 
 ,
 
 504 S.E.2d at 296
 
 .
 

 III. Conclusion
 

 The trial court erred in admitting Phillips's testimony on the issue of impairment relating to the results of the HGN test without first determining if he was qualified to give expert testimony. The trial court also erred
 
 *239
 
 in admitting Phillips's testimony on the specific alcohol concentration level relating to the results of the HGN test. Defendant is entitled to a new trial.
 

 NEW TRIAL.
 

 Judges STROUD and DIETZ concur.